**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-4134

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RAUL PEREZ ZAMUDIO, a/k/a Raul Perez-Zamudio, a/k/a Raul Perez Zamundio,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00308-WO-1)

Submitted:  February 23, 2021      Decided:  February 25, 2021

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Perez Zamudio ("Perez") pled guilty, pursuant to a written plea agreement, to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). Perez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Perez's 60-month sentence is reasonable. Although notified of his right to file a pro se supplemental brief, Perez has not done so. The Government has declined to file a response brief. We affirm.

We review a "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If there is no significant procedural error, then we consider the sentence's substantive reasonableness. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines range, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently explained the chosen sentence. Specifically, the court thoroughly explained its rationale for imposing Perez's within-Guidelines-range sentence and for ordering the sentence to run consecutively to his undischarged state

2

sentence, emphasizing Perez's repeated illegal reentries, serious criminal history, and the danger he posed to the public.* Perez has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Perez's conviction and sentence. This court requires that counsel inform Perez, in writing, of the right to petition the Supreme Court of the United States for further review. If Perez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* The district court's decision not to depart downward under U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.7 (2018) is not reviewable, as we "cannot review a district court's decision not to depart[] unless the district court mistakenly believed that it lacked the authority to do so." *United States v. Torres-Reyes*, 952 F.3d 147, 151 n.2 (4th Cir. 2020) (internal alteration and quotation marks omitted).